IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00208-BNB

KEITH W. HARMON,

    Applicant,

v.

WARDEN TRAINER, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO JOHN W. SUTHERS,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Keith W. Harmon, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City.  Mr. Harmon initiated this action by submitting to the Court *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Denver District Court Case No. 09CR624.  He has paid the $5.00 filing fee.

    In an order filed on February 4, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  On April 5, 2013, after being granted extensions of time, Respondents submitted a pre-answer response (ECF No. 12).  Mr. Harmon has not submitted a reply, although he was afforded the opportunity to do so.

The Court must liberally construe Mr. Harmon's habeas corpus application because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and the action dismissed.

On October 14, 2009, a jury found Mr. Harmon guilty in Denver District Court Criminal Case No. 09CR624 of distribution of a schedule II controlled substance and possession of a schedule II controlled substance.  ECF No. 12 (pre-answer response), ex. A (state register of actions) at 7-8.  On November 20, 2009, the trial court sentenced him to four years of incarceration.  ECF No. 12, ex. A at 6-7.

Mr. Harmon appealed directly to the Colorado Court of Appeals asserting two claims that the trial court erroneously rejected his motion to suppress evidence and his request for substitute counsel.  ECF No. 12, ex. B (opening brief), ex. D at 3.  On March 1, 2012, the Colorado Court of Appeals affirmed.  ECF No. 12, ex. D (*People v. Harmon*, 10CA0031 (Colo. Ct. App. Mar. 1, 2012)).  On July 16, 2012, the Colorado Supreme Court denied certiorari review.  ECF No. 12, ex. E.

According to the state register of actions, Mr. Harmon filed various letters with the trial court.  In response to a letter he filed on January 24, 2011, ECF No. 12, ex. A at 5, the trial court issued an order on January 31, 2011, *id.*, noting that the court lacked jurisdiction to consider the letter because the case was on appeal.  No postconviction motions, rulings on any motions for postconviction relief, or appeals from such rulings appear on the state register of actions.  ECF No. 12, ex. A at 5-6.

On January 28, 2013, Mr. Harmon filed the instant habeas corpus application in

this Court asserting three claims that:

1. His public defender at trial refused to have an expert test the drugs because the public defender's office did not have the money to pay for an expert;

2. His public defender did not argue a new defense as ordered by the judge; and

3. His public defender was not present on the court date for the hearing for his subpoena *duces tecum*, and the hearing was vacated.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). However, Respondents contend that Mr. Harmon failed to exhaust state court remedies for his claims because he has failed to invoke one complete round of the State's established appellate review process. Mr. Harmon concedes his failure to exhaust state remedies. ECF No. 1 at 5.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard*

*v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Having reviewed the record, the Court finds that Mr. Harmon has failed to exhaust his state court remedies prior to seeking relief in federal court. None of Mr. Harmon's claims of ineffective assistance of counsel was presented to the Colorado Court of Appeals, nor was any claim concerning the hearing on his subpoena *duces tecum* being vacated. *See* ECF No. 12, ex. B. According to the habeas corpus application, these claims have yet to be presented to the state trial court, as Mr. Harmon only states that he has discussed them with postconviction counsel. ECF No. 1 at 5-6. Therefore, Mr. Harmon has failed to exhaust the claims he brings here, because he has not yet "invok[ed] one complete round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 845. This action will be dismissed without prejudice for failure to exhaust state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harmon files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  9th  day of     May      , 2013.

BY THE COURT:

    s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court